NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 12-4402

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
                                                    FILED
                                                 Mar 31, 2014
EASTOVER MINING COMPANY, c/o Duke   )         DEBORAH S. HUNT, Clerk
Power Company,                      )
                                    )
      Petitioner,                   )
                                    )
                                    )   ON PETITION FOR REVIEW OF A
                                    )   DECISION AND ORDER OF THE
v.                                  )   BENEFITS REVIEW BOARD
                                    )
DOROTHY E. BEVERLY, Widow of James  )
Beverly; DIRECTOR, OFFICE OF WORKERS' )
COMPENSATION PROGRAMS,              )
                                    )
      Respondents.                  )
```

O R D E R

Before: SILER and STRANCH, Circuit Judges; COHN, District Judge.[*]

Eastover Mining Company ("Eastover Mining") petitions for review of a decision and order of the Benefits Review Board ("Board") denying reconsideration of its decision affirming a decision by an Administrative Law Judge ("ALJ") awarding benefits under the Black Lung Benefits Act ("Act"). 30 U.S.C. §§ 901-44, as amended by the Patient Protection and Affordable Care Act ("PPACA"), Pub. L. No. 111-148, § 1556 (2010).

The respondent, Dorothy Beverly, is the widow of a deceased miner, James Beverly ("James"), who died in December 1999, after working in the coal mines for thirty-four years. In 1988, an ALJ had awarded James black lung benefits, and he received those benefits until his

---

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

death. In March 2000, Beverly filed a claim for survivor's benefits. This claim was denied by the District Director of the Office of Workers' Compensation Programs ("Director") in June 2000 because Beverly failed to show that James suffered from pneumoconiosis or that his death was due to that disease. In 2007, Beverly filed a subsequent claim, and the Director denied this claim as well. Beverly did not appeal that second denial, so it became final in June 2007. *See* 20 C.F.R. § 725.419(d).

After passage of the PPACA, which amended the Black Lung Act and provided for a survivor's automatic entitlement to benefits if the miner was receiving benefits at the time of his death, Beverly filed a third survivor's claim in September 2010. The Director determined that the amendments now mandated an award of benefits in Beverly's case. Eastover Mining contested this award, but an ALJ upheld the award, determining that Beverly was automatically entitled to benefits under the amended statute, 30 U.S.C. § 932(l). The Board also upheld the ALJ's award of benefits, rejecting Eastover Mining's arguments that the retroactive application of the amendments violated due process and that the subsequent claim was barred by the doctrine of res judicata. The Board modified the award date, however, concluding that payment should commence in July 2007, the month following the month in which Beverly's prior denial of benefits became final.

Eastover Mining now argues that the doctrine of res judicata bars Beverly's third survivor's claim, and that, if Beverly is entitled to benefits, payments should commence on March 23, 2010, the effective date of the PPACA and the amendments. The Director supports Beverly's award and the Board's decision.

We review a decision in a black lung benefits case to determine whether it is supported by substantial evidence and is in conformance with the applicable law. *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995). Legal issues raised in an administrative appeal are reviewed de novo. *Conley v. Nat'l Mines Corp.*, 595 F.3d 297, 301 (6th Cir. 2010).

Prior to the enactment of the PPACA, amending the Black Lung Act, Beverly was required to show that her husband's death was caused or hastened by pneumoconiosis to be eligible for survivors' benefits. *See* 20 C.F.R. § 718.205(c); *Brown v. Rock Creek Mining Co.*,

996 F.2d 812, 816 (6th Cir. 1993). However, after Beverly's second claim was denied, one of the statutes applicable to survivor's claims, 30 U.S.C. § 932(l), was amended by the PPACA to provide that "[i]n no case shall the eligible survivors of a miner who was determined to be eligible to receive benefits . . . at the time of his or her death be required to file a new claim for benefits, or refile or otherwise revalidate the claim of such miner." Thus, for all claims filed after January 2005 and pending on the date of the enactment of the PPACA (March 23, 2010), survivors are automatically entitled to benefits if the miner was receiving benefits at the time of death. Pub. L. No. 111-148, § 1556(c); *see also Consolidation Coal Co. v. Maynes*, 739 F.3d 323, 325-26 (6th Cir. 2014), and 20 C.F.R. § 725.212(a)(3)(ii) (2013).

Pursuant to the black lung regulations, if a survivor files a subsequent claim and a prior claim has already been denied, the subsequent claim must be denied unless a claimant "demonstrates that one of the applicable conditions of entitlement . . . has changed since the date upon which the order denying the prior claim became final." 20 C.F.R. § 725.309(c). Eastover Mining argues that, based on this regulation and the doctrine of res judicata, Beverly's third claim is barred after her first two claims were finally denied. However, in *Maynes*, we held that a survivor in this situation is entitled to benefits because the survivor's award under the PPACA amendment was "based upon a different statutory basis for relief than the provisions it relied upon" when her previous claim was denied. *Maynes*, 739 F.3d at 327-28. In other words, Beverly's first two claims and her third claim are "not the same cause of action" that would implicate the doctrine of res judicata. *Id*. at 328; *see also* 20 C.F.R. § 725.309(c)(1) (2013) (setting forth a specific exception to the res judicata bar when a survivor meets the automatic entitlement criteria in 20 C.F.R. § 725.212(a)(3)(ii)).

Regarding the date that Beverly's benefits should commence, the regulations provide that benefits awarded in a subsequent claim should begin the month following the month in which the denial of the survivor's prior claim became final. 20 C.F.R. § 725.309(c)(6) (2013); *Union Carbide Corp. v. Richards*, 721 F.3d 307, 317 n.5 (4th Cir. 2013). Eastover Mining argues that, if eligible for benefits, Beverly's award should not commence until the amended law applied to her new claim for automatic benefits, i.e., March 23, 2010. It also argues that the Board had no

authority to modify the ALJ's determination regarding this date because no cross-appeal was filed and, therefore, Beverly had waived any argument regarding this commencement date. The Director urges this court to uphold the Board's decision to modify the date of commencement to the month following the month in which the denial of the survivor's prior claim became final.

We have plenary authority to review the Benefits Review Board's legal conclusions. *Gibas v. Saginaw Mining Co.*, 748 F.2d 1112, 1119 (6th Cir. 1984). However, the Board's interpretation of the Act is not entitled to any special deference from the courts. *Potomac Elec. Power Co. v. Dir., OWCP*, 449 U.S. 268, 278 n.18 (1980). Rather, the Director's interpretation of the black lung regulations is entitled to deference as long as the interpretation is reasonable and consistent with the controlling statute. *Wolf Creek Collieries v. Robinson*, 872 F.2d 1264, 1268 (6th Cir. 1989).

The Director's correlation of Beverly's award with her last denied survivor's claim was a reasonable interpretation of the regulations and statute because the Board chose "an accrual date that would provide successful subsequent claimants with meaningful benefits yet which, at the same time, would mitigate the burden to the operator and respect the validity of the earlier denial." *See Richards*, 721 F.3d at 317 n.5. Moreover, the Board had the authority to modify an ALJ's determination regarding the date of the commencement of benefits, and to award benefits using the method described in *Richards*, applying the law under 20 C.F.R. § 725.309(c)(6) (2013). *Maynes*, 739 F.3d at 328-29.

Accordingly, the petition to review the Board's decision to award benefits to Beverly from July 2007 is denied.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk